NO. 07-01-0219-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 2, 2001

_____

SOTERO BENAVIDES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;

NO. 95-2274; HONORABLE GEORGE HANSARD, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON ABATEMENT AND REMAND

Appellant Sotero Benavides has appealed a judgment revoking his community supervision and sentencing him to confinement for two years in the Institutional Division of the Department of Criminal Justice.  To date, we have received neither a clerk's record nor a reporter's record in this matter.  We have been notified by the court reporter that

there has been no written designation of the record, and appellant has not paid or made arrangements to pay for the record. The attorney who represented appellant at trial has also executed an affidavit stating that, although he filed the notice of appeal, he was not hired by appellant to represent him on appeal and has not been appointed by the court to represent appellant. He assumed another attorney had been appointed and was prosecuting the appeal. This sequence of events requires us to abate this matter for a hearing. *See* Tex. R. App. P. 35.3(c). Accordingly, this appeal is abated, and the cause is remanded to the 106th District Court of Lynn County.

Upon remand, the judge of the trial court shall immediately cause notice to be given and conduct a hearing to determine:

1. Whether appellant has abandoned his appeal.

2. Whether appellant is presently represented by an attorney, and, if so, whether he will diligently pursue the appeal and what steps, if any, should be taken to ensure that diligence.

3. If it is determined that appellant is not presently represented by an attorney, whether appellant is presently indigent, and if so, whether counsel should be appointed to represent him.

4. If it is determined that an attorney should be appointed, the name, address, and State Bar of Texas identification number of the attorney appointed.

5. If appellant is not presently represented by an attorney and is not indigent, what steps need to be taken to ensure appellant will promptly obtain the services of another attorney to pursue the appeal.

6.  If any other orders are necessary to ensure the provision of an appellate record and the completion of the record for appellate review as well as the proper and timely pursuit of appellant's appeal.

In support of its determinations, the trial court will prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record.  The hearing proceedings shall be transcribed and included in a supplemental reporter's record.  The supplemental clerk's and reporter's records shall be submitted to the clerk of this court no later than November 2, 2001.

It is so ordered.

Per Curiam

Do not publish.